UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
KAY KHINE,                                          )
924 G Street, N.W.                                  )
Washington, D.C. 20001                              )
                                                    )
and                                                 )
                                                    )
CATHOLIC CHARITIES                                  )
924 G Street, N.W.                                  )
Washington, D.C. 20001                              )
                                                    )
       Plaintiffs,                        )   C.A. No. 17-1924 (RC)
                                                    )
v.                                                  )
                                                    )
UNITED STATES DEPARTMENT OF                         )
HOMELAND SECURITY,                                  )
                                                    )
       Defendant                          )
                                                    )
_____ )

## DEFENDANT'S MOTION TO DISMISS CLAIMS

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, the Department of Homeland Security (Defendant) respectfully moves this court to dismiss the Complaint because Kay Khine and Catholic Charities (Plaintiffs) failed to properly exhaust administrative remedies.

1

Dated: November 28, 2017
Washington, D.C.

                                        Respectfully Submitted,

                                        JESSIE K. LIU, D.C. Bar #472845
                                        United States Attorney

                                        DANIEL F. VAN HORN, D.C. Bar #924092
                                        Chief, Civil Division

                                        /s/
                                        ALEXANDER SHOAIBI, D.C. Bar #423587
                                        Assistant United States Attorney
                                        555 4th Street, N.W.
                                        Washington, D.C. 20530
                                        (202) 252-2511
                                        alexander.d.shoaibi@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAY KHINE,<br>924 G Street, N.W.<br>Washington, D.C. 20001<br><br>and<br><br>CATHOLIC CHARITIES<br>924 G Street, N.W.<br>Washington, D.C. 20001<br><br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY,<br><br>        Defendant | Civil No. 17-cv-1924 (RC) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Plaintiffs failed to exhaust their administrative remedies for claims made in connection to a Freedom of Information Act ("FOIA") request and, therefore, Plaintiffs have failed to state a claim upon which relief can be granted. Thus, this Court lacks subject-matter jurisdiction over Plaintiffs' complaint.

### I.    FACTUAL BACKGROUND

By letter dated February 2, 2017, Catholic Charities submitted a Freedom of Information Act ("FOIA") request to United States Citizenship and Immigration Services ("USCIS"), an agency of within the Department of Homeland Security, (Defendant) on behalf of its client, Plaintiff Kay Khine (Plaintiffs). Eggleston Decl. ¶ 8. Plaintiffs' FOIA request sought access to certain

3

immigration records pertaining to her that are in the custody of USCIS. *Id*. These records are recorded under Plaintiff Khine's name and alien number, and maintained by USCIS in an alien file ("A-file") pertaining to the Plaintiff. *Id*. Specifically, the Plaintiffs' FOIA request sought: a copy of Plaintiff Khine's I-94; a copy of the notes of the asylum officer; a copy of the assessment to refer written by the asylum officer; and a copy of Khine's entire A-file. *Id*.

In accordance with its normal operating procedures, Defendant sent an acknowledgement letter to Plaintiff Catholic Charities on February 13, 2017. *Id*. ¶ 9. Defendant acknowledged receipt of the FOIA request and advised that the FOIA request would be processed on a first-in, first out basis and on a multi-track system. *Id*. The purpose of the USCIS acknowledgement letter is to inform a requester that his or her FOIA request has been received for processing, what fees are applicable, and what track the request will be processed under. USCIS's acknowledgement letter is drafted prior to the search for, and processing of, any responsive records. *Id*.

When Plaintiffs' FOIA request was ready for processing USCIS staff reviewed the documents in Plaintiff Khine's A-file, and processed responsive documents pursuant to her FOIA request. *Id*. ¶ 11. On or about July 12, 2017, USCIS responded to the Plaintiffs' FOIA request. The Plaintiffs were informed that Defendant identified 871 pages responsive to the request. USCIS releases 849 pages to the Plaintiffs in full, withheld eight (8) pages in full, and withheld eleven (11) pages in part. *Id*. Additionally, pursuant to Defendant's processing procedures, Defendant referred three (3) pages of records to Immigration and Customs Enforcement (ICE) for their direct action to the Plaintiffs. *Id*. The Defendant's final action letter dated July 12, 2017 stated that records were withheld pursuant to 5 U.S.C. § 552 (b)(5), (b)(7)(C) and (b)(7)(E) of the FOIA, and (d)(5), (j)(2), and (k)(2) of the Privacy Act (PA). *Id*. ¶ 12.

Further, the Defendant's action letter of July 12, 2017 informed the Plaintiffs of their right to file an administrative appeal within ninety (90) days. *Id*. ¶ 13. The letter provided general instructions for filing an administrative appeal, and informed the Plaintiffs that by filing an appeal, they preserve their rights under FOIA and give the agency a chance to review and reconsider the request and the agency's decision. *Id*. Due to a discrepancy in the page count discovered by Defendant's FOIA processor, on or about September 8, 2017, USCIS provided the Plaintiffs with a second final action letter. *Id*. ¶ 14. Like the Defendant's final action letter of July 12, 2017, the September 8, 2017 final action letter specified applicable FOIA and PA exemptions, and provided the Plaintiffs with administrative appeals rights, and instructions for filing an administrative appeal. *Id*. ¶ 15-16. The Plaintiffs did not file an administrative appeal. *Id*. ¶ 18.

The Plaintiffs filed the instant Complaint on September 21, 2017, after receiving both final action letters from the Defendant. *Id*. ¶ 17. The Plaintiff acknowledges that he received both of the Defendant's final action letters prior to filing this instant Complaint. *Id*. (*See also* ¶ 19 of Plaintiff's Complaint).

## II. STANDARD OF REVIEW

### A. Rule 12(b)(1)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "presents a threshold challenge to the Court's jurisdiction," and requires that the Court "determine whether it has subject matter jurisdiction in the first instance." *Curran v. Holder*, 626 F. Supp. 2d 30, 32 (D.D.C. 2009). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). A Rule 12(b)(1) motion imposes on the

court "an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Accordingly, the "plaintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Id.* at 13-14.

The plaintiff therefore bears the burden of pleading and proving that the court has subject-matter jurisdiction. *Carty v. District of Columbia*, 699 F. Supp. 2d 1, 2 n.2 (D.D.C. 2010), *aff'd on other grounds*, 2010 WL 4340405 (D.C. Cir. 2010); *Monument Realty LLC v. Wash. Metro. Area Transit Auth.*, 535 F. Supp. 2d 60, 67 (D.D.C. 2008); *Peter B. v. United States*, 579 F. Supp. 2d 78, 80 (D.D.C. 2008). Furthermore, the existence of disputed facts does not preclude a ruling upon the motion. "Instead, the court must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss." *Phoenix Consulting, Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000). The court may therefore consider materials outside the pleadings in determining whether it has jurisdiction. *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

**B.     Rule 12(b)(6)**

Pursuant to Rule 12(b)(6), a complaint should be dismissed for failure to state a claim upon which relief can be granted if the complaint does not "contain sufficient factual matter accepted as true, to state a claim to relief that is plausible on its face." *Robertson v. District of Columbia*, 2010 U.S. Dist. LEXIS 84170, 5-6 (D.D.C. 2010) ((quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). A claim is facially plausible when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Determining whether a complaint states a plausible

claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *See Ashcroft*, 129 S. Ct. at 1950. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* ((citing Fed. Rule Civ. Proc. 8(a)(2)). Moreover, although detailed factual allegations are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the grounds of entitlement to relief, a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 127 S. Ct. at 1960.

For the purposes of a Rule 12(b)(6) motion, all well-pleaded allegations are presumed to be true, and all doubts and inferences are resolved in the pleader's favor and drawn in the light most favorable to the pleader. However, the court need not accept bald or controverted statements as true. *See Wiggins v. Hitchens, 853 F. Supp. 505, 508 (D.D.C. 1994)*. Moreover, the court is "not bound to accept as true legal conclusions couched as a factual allegation." *Ashcroft*, 129 S. Ct. at 1950 (2009).

### ARGUMENT

#### A. The Court should dismiss the Complaint because Plaintiffs failed to exhaust their administrative remedies under the Freedom of Information Act.

Prior to seeking relief in federal court, a plaintiff must exhaust the administrative remedies available under the FOIA. *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61-62 (D.C. Cir. 1990); *see also Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) ("exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA") (citation and internal quotation marks omitted). As the D.C. Circuit has explained, exhaustion is necessary "so that [an] agency may function efficiently and so that it may have an opportunity to correct its own errors, to

afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Oglesby*, 920 F.2d at 61. Generally, exhaustion of administrative remedies is a "condition precedent" to filing suit, and failure to exhaust operates as a "jurisprudential doctrine" to bar premature judicial review.  *Bonner v. Social Security Admin.*, 574 F.Supp.2d 136, 138-139 (D.D.C. 2008) (citing Hidalgo v. F.B.I., 344 F.3d 1256, 1258, 1260 (D.C. Cir.2003)) (remanding for dismissal for failure to state a claim upon which relief may be granted); accord *Ivey v. Paulson*, 227 Fed. Appx. 1 (D.C. Cir. 2007*). See also Acosta v. FBI*, CA No. 12-1578 (JEB), 2013 WL 1633068, at *2 (D. D.C. 2013) (quoting *Oglesby*, 920 F.2d at 61) ("Exhaustion is required so 'the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision.'"). In short, exhaustion of administrative remedies in a FOIA case is treated as an element of a FOIA claim, which, as with all elements of any claim, must be proved by the plaintiff in order to prevail. As an exception to the general rule requiring exhaustion, where an agency does not respond to a request within the time allowed by statute, 5 U.S.C. § 552(a)(6)(A)(i) & (ii), a requestor is deemed to have constructively exhausted his administrative remedies, § 552(a)(6)(C), but only if the agency has not responded before the requestor files suit, *Id*. (citing *Oglesby*, 920 F.2d at 61). "[However] if the agency responds after the twenty-day requirement, but before the plaintiff files suit, constructive exhaustion has not occurred and the plaintiff must use the administrative appeals process to actually exhaust its administrative remedies." *Judicial Watch v Department of Energy*, 888 F.Supp.2d 189, 193 (D. D.C. 2012).   In the instant case, the Defendant provided the Plaintiffs with two separate administrative final action letters, both describing the administrative appeals process, prior to their filing of the instant Complaint.

When a FOIA plaintiff attempts to obtain judicial review without first fully and timely exhausting available administrative remedies, summary judgment may be granted for the agency Defendant. *See Bonner* 574 F.Supp.2d at140 (holding that where "there is no genuine dispute that plaintiff did not exhaust his administrative remedies . . . prior to filing [a] lawsuit, [the agency is] entitled to judgment as a matter of law"); cf. *Cole v. Dep't of Justice*, 905 F.Supp.2d 293, 296–97 (D. D.C. 2012).  A FOIA requester fails to exhaust administrative remedies whenever the requester does not comply with the administrative process set forth under FOIA; this includes a failure to administratively appeal an adverse determination on a FOIA request. *Hidalgo*, 344 F.3d at 1258–60. Here, Plaintiffs failed to exhaust their administrative remedies when deciding not to submit an administrative appeal, as required under 6 C.F.R. § 5.8(e), of the Defendant's action to his FOIA request. *See* Eggleston Decl.  ¶ 18.

Plaintiffs' Complaint alleges several grounds for their admitted failure to exhaust administrative remedies.  *See* Complaint, ¶¶ 3, and 22 through 37.  Plaintiffs' Complaint alleges, in sum, that the Defendant's final action letter does not provide the Plaintiffs with sufficient information to make a cogent argument in an administrative appeal.[1]  Plaintiffs' argument fails to take into account that, under Defendant's FOIA regulations, a FOIA requester does not need to provide legal arguments, or legal memoranda, and requires nothing more than identifying the final administrative determination at issue, and the assigned request number.  6 C.F.R. § 5.9(a)(1).  Further, administrative appeals are not reviewed by Defendant's FOIA Office, but by counsel from USCIS's Office of Chief Counsel (OCC).  Withholdings applied by the

---

[1] Plaintiffs' allegations regarding the Defendant's final action letters is focused on an asylum officer's assessment to refer.  The assessment to refer is prepared by an asylum officer, for review by a supervisory asylum officer, in cases in which it is the intent of the asylum officer to deny an asylum application.

Defendant's FOIA Office are, when an administrative appeal is filed, independently reviewed by USCIS OCC.[2]

Plaintiff Catholic Charities makes parallel arguments regarding the content of Defendant's final action letter in which it alleges the "futility" of filing an administrative appeal in a case still before the D.C. district court. *See Bayala v Department of Homeland Security*, 14-cv-00007 (D.C. District 2014). In *Bayala*, the district court considered the same general arguments made by Plaintiffs in the instant case regarding the Defendant's final action letter, and dismissed the case because the Plaintiff failed to exhaust administrative remedies.[3] The district court found that the USCIS final action letter's reasons were reasonably sufficient, and that an administrative appeal was required. The USCIS final action letter in *Bayala* is essentially identical to the final action letter at issue in the instant case.[4]

---

[2] The Plaintiffs do not provide any legal support for their argument that an agency's withholding of assessments to refer, without providing a Vaughn index level description of the document, negates the requirement that the administrative appeal process be exhausted before filing a complaint in district court.

[3] Plaintiff appealed the district court's dismissal of its Complaint to the D.C. Circuit. Bayala v. Department of Homeland Security, 14-cv-5279 (D.C. Circuit 2014). The D.C. Circuit remanded the case to the district court because the Defendant's released a document, and included arguments regarding a withheld assessment to refer in its memoranda to the district court in support of dismissal. In remanding the case, the D.C. Circuit stated that because the Defendant released some disputed documents, and addressed the withholding of the assessment to refer after litigation commenced, an administrative appeal was no longer necessary. The D.C. Circuit found that because the defendant released a document, and sought to justify a disputed withholding after litigation commenced the failure to exhaust argument was moot. The D.C. Circuit did not find the Defendant's final action letter deficient. The issue of attorney's fees is still pending before the district court.

[4] The Plaintiffs argue that Defendant violated 5 U.S.C. § 552(a)(6)(A)(i), See Complaint ¶ 21, which requires agencies to provide requesters with the reasons for its withholdings within twenty days. Plaintiffs argue that the alleged deficiencies in Defendant's final action letters constitutes a *de facto* failure by Defendant to comply with the FOIA. The district court stated that "Bayala incorrectly construes § 552(a)(6)(A)(i) to require an agency to provide not only the 'reasons' for its determination, but also a 'reason for its reasons'." Bayala Memorandum & Order, Dkt # 24, fn. 11. Plaintiff makes the same argument in the instant case that has been rejected by the D.D. district court in the Bayala action.

Further, belying Plaintiffs' claim that a cogent administrative appeal is not possible in this case is the fact that, had they so chosen, Plaintiffs could have simply set forth the concerns described in the instant Complaint regarding the assessment to refer in an administrative appeal. In their Complaint, the Plaintiffs, directly and by reference, address the Defendant's withholding of the assessment to refer in twelve (12) paragraphs. *See* Complaint ¶¶ 1, 2, 7, 8, 9, 13, 14, 15, 17, 18, 19, and 20. The Plaintiffs do not, however, provide an explanation as to why it could dispute the withholding of the assessment to refer in the instant Complaint, but not in an administrative appeal. An administrative appeal would allow the Defendant to review the disputed withholdings at an administrative level and avoid litigation.

## **CONCLUSION**

For the reasons stated above, the Court should dismiss the Complaint because the Plaintiffs failed to file an administrative appeal, and exhaust administrative remedies. A proposed order is attached.

Dated: November 28, 2017
Washington, D.C.                                    Respectfully Submitted,

                                                                                    JESSIE K. LIU, D.C. Bar # 472845
                                                                                    United States Attorney

                                                                                    DANIEL F. VAN HORN, D.C. Bar #924092
                                                                                    Chief, Civil Division

                                                                                          /s/
                                                                                  ALEXANDER SHOAIBI, D.C. Bar #423587
                                                                                   Assistant United States Attorney
                                                                                   555 4th Street, N.W.
                                                                                   Washington, D.C. 20530
                                                                                   (202) 252-2511
                                                                                   alexander.d.shoaibi@usdoj.gov

ON THE BRIEF

G. SCOTT DOWLING, ESQ.
Attorney-Advisor
Office of Chief Counsel
Federal Emergency Management Agency

AARON M. BAUGHMAN, ESQ.
Attorney-Advisor
Office of Chief Counsel
Transportation Security Administration

JOSEPH G. RIEU, ESQ.
Attorney-Advisor
Office of Chief Counsel
Transportation Security Administration

## **CERTIFICATE OF SERVICE**

      I certify that the attached Defendant's Motion to Dismiss Claims & Motion to Strike Plaintiff's Complaint, was served on this 28th day of November, 2017, to plaintiff's counsel through the ECF system:

      By:     /s/
      ALEXANDER D. SHOAIBI,
      Assistant United States Attorney

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KAY KHINE,**<br>924 G Street, N.W.<br>Washington, D.C. 20001<br><br>and<br><br>**CATHOLIC CHARITIES**<br>924 G Street, N.W.<br>Washington, D.C. 20001<br><br>    Plaintiffs,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF**<br>**HOMELAND SECURITY,**<br><br>    Defendant | C.A. No. 17-1924 (RC) |

## ORDER

The Court has considered Defendant's Motion to Dismiss Plaintiff's Complaint, and all actions thereto, and finds that the motion should be granted.

The Agency's motion is, therefore, GRANTED.

SO ORDERED.

_____          _____
Date                                                                         Rudolph Contreras
                                                                                      United States District Judge