## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

KAY KHINE,                                         )
924 G Street, N.W.                                 )
Washington, D.C. 20001                             )
                                                   )
and                                                )
                                                   )
CATHOLIC CHARITIES                                 )
924 G Street, N.W.                                 )
Washington, D.C. 20001                             )
                                                   )  Civ. Action No. 17-1924 (RC)
                    Plaintiffs,                    )
                                                   )
v.                                                 )
                                                   )
UNITED STATES DEPARTMENT OF                        )
HOMELAND SECURITY,                                 )
                                                   )
                    Defendant                      )
                                                   )
_____          )

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

In their Complaint, Plaintiffs challenge the sufficiency of the USCIS final FOIA response letter even though both the D.C. District Court, and Circuit[1], have recently reviewed a similar letter, and found it to be sufficient. Plaintiffs further argue that because *they* perceive the USCIS letter as insufficiently describing USCIS's basis for withholding, they are excused from filing an administrative appeal. It is the Plaintiffs' assertion that they may simply go directly to district court and present their arguments as to why portions of the assessment should be released, rather than make those arguments in an administrative appeal, as required, because – they argue – an

---

[1] *Bayala v DHS*, 14-cv-00007 (D.D.C.); *Bayala v DHS*, 14-05279 (D.C. Cir. 2016).

administrative appeal is "futile".[2]

Department of Homeland Security (Defendant) moved for dismissal of Plaintiffs' Complaint because Plaintiffs' have acknowledged their failure to file an administrative appeal. In their *Opposition to DHS's Motion to Dismiss*, the Plaintiffs make numerous arguments, under several subheadings, which seek to justify their failure to exhaust administrative remedies. As discussed below, the Plaintiffs offer no legal justification for their failure to file an administrative appeal.

### A. The agency has maintained its burden of proof to justify its action

First, the *Plaintiffs' Opposition* to *DHS Motion to Dismiss* seemingly argues that the Defendant has not met its burden of proof as to its withholding.[3] (*Plaintiffs' Opposition*: pgs.1-2). The Defendant has not, however, been afforded any opportunity to establish a basis for its withholding. This is because the Plaintiffs chose not file the required administrative appeal. If a requester has issue with Agency withholdings, he or she is required to file an administrative appeal with the agency before filing in district court. 6 C.F.R. § 5.9(c). *See also Hidalgo v F.B.I.*, 344 F.3d 1256, 1259 (D.C. Cir. 2003)(failure to file a proper administrative appeal denies the agency an opportunity to consider the issues raised in district court, and whether the information was covered by the asserted FOIA exemptions); *Spannaus v. Department of Justice*,

---

[2] While Plaintiffs argue that an administrative appeal is futile, of the 1,952 administrative appeals received by USCIS in fiscal year 2016, upon the standard *de novo* administrative review by USCIS Office of Chief Counsel (OCC), 840 requesters received partial relief, and 392 requesters were granted complete relief, with all applied exemption overturned whether the requester challenged a particular withholding, or did not. This Plaintiff, Catholic Charities, filed 57 administrative appeals since 2005, and was granted partial relief after review by USCIS OCC in 47 cases.

[3] Cases cited by the Plaintiffs for the proposition that USCIS has the burden of justifying its withholdings, *Weisberg v. DOJ*, 705 F.2d 1344, 1350 (D.C. Cir. 1983); *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 n. 3 (1989); *Dep't of Justice v. Reporters Comm. For Freedom of the Press*, 489 U.S. 749, 755 (1989), do not provide an exception to the administrative appeal requirement, or address the requirement that requesters file an administrative appeal.

824 F.2d 52, 58 (D.C. Cir. 1987)("it goes without saying that exhaustion of remedies is required in FOIA cases); and Hines v. U.S., 736 F.Supp.2d 51, 53 (D.D.C. 2010)(exhaustion of administrative remedies is generally required before seeking judicial review of a FOIA case so that the agency has the opportunity to exercise discretion and expertise and make a factual record to support its decisions). In the instant case, the Plaintiffs have not afforded the Defendant an opportunity to review its initial administrative actions, take the possible opportunity to provide the requester with relief negating the need for judicial review and litigation, or develop a complete administrative record whereby it could meet the burden of justifying its actions.

Because the USCIS OCC was not afforded a chance to review administrative withholdings applied by the USCIS National Records Center FOIA Office (NRC),[4] the record as to whether the Agency met its burden of proof as to administrative withholdings is incomplete. Because of their failure to file an administrative appeal, the Plaintiffs' argument that filing an appeal is "futile" is based on pure speculation, and there is no precedent that forgives the requirement that they file an administrative appeal.[5] Under USCIS's FOIA regulations, requesters are explicitly informed that if they file an appeal, and a withholding is affirmed, the requester will receive a statement of the reasons for the affirmance, including the specific FOIA

---

[4] Independent review of administrative appeals includes a review of all withholdings, and is conducted by USCIS's Office of Chief Counsel.

[5] Both the D.C. Circuit and district court have upheld USCIS's final response letter, and recognized that a final response letter with explanations for withholdings approaching *Vaughn* index specificity is unnecessary. *See Bayala* Further, as explained in the *Defendant's Motion to Dismiss*, the Defendant's FOIA regulations do not demand that administrative appeals include legal arguments and memoranda, because withholdings are reviewed in full, and independently by the USCIS Office of Chief Counsel. All that is required under the regulations is a letter from the requester marked as an appeal, with the assigned case number. This letter triggers a complete review of all administrative withholdings by the USCIS Office of Chief Counsel. Plaintiff Catholic Charities has filed fifty-seven administrative appeals since 2005. Of the fifty-seven appeals filed by Plaintiff Catholic Charities, forty-seven, or eighty-two percent, have resulted in the supplemental release of withheld documents.

exemptions applied, and will inform the requester of the FOIA provisions for court review. 6 C.F.R. § 5.9(b). By foregoing an appeal, the Plaintiffs have effectively denied USCIS the opportunity to meet its burden and fully develop the administrative record for district court review. Any discussion of whether the Agency has met its burden of proof is not warranted under the applicable law, is premature.

### B. Civil rules 12(b)(1) and 12(b)(6) Provide Grounds to Dismiss a Complaint.

Second, the Plaintiffs argue that Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) do not mandate "the dismissal of the complaint." (Plaintiffs Opposition: pg. 2). Rules 12(b)(1) and 12(b)(6) provide grounds upon which the court can act in dismissing a complaint. USCIS does not claim Rules 12(b)(1) and 12(b)(6) mandate the dismissal of the case. Instead, USCIS cites to these rules to challenge the court's jurisdiction, and because the court does not have a fully developed set of facts to rule upon because statutory and administrative requirements have not been met. Simply, without the Agency's appeal decision on the record, there is not sufficient factual information for the court to rule.

### C. There are administrative remedies that plaintiffs need to exhaust in this case.

Third, Plaintiffs claim that, under FOIA, there are administrative remedies "for some things, but not for others". (Plaintiffs' Opposition: pg. 2). The Plaintiffs then state that if "a requester wants the release of documents but the agency refuses, the requester may make an appeal as per section 552(a)(6)(A)(i)." (Plaintiffs' Opposition: pg. 2). Plaintiffs then state that they "do not seek the release of documents, they seek something else." (Plaintiffs' Opposition:p2).[6]   Plaintiffs state that they "bring this case as a class action, seeking to protect

---

[6] The first paragraph of Plaintiffs' Complaint states that it is a FOIA case seeking disclosure of documents. Plaintiffs further cite to FOIA provisions as the basis for this court's jurisdiction.

the interests of persons who mostly will never file lawsuits." (Plaintiffs' Opposition: pg. 2).

Then, Plaintiffs launch into a discussion of the FOIA's electronic reading room provisions, fee provisions, and expedited processing provisions to illustrate that not all FOIA provisions require a requester to exhaust administrative relief, while others specifically mandate exhaustion of administrative relief. Plaintiff relies on these provisions of FOIA to conclude that FOIA does not provide an administrative remedy for a "defective initial response". (Plaintiffs' Opposition: pg. 3). The FOIA, and related regulations do, however, clearly provide an administrative remedy for a "defective administrative response" – the administrative appeal. See 5 U.S.C. § 552(a)(6)(A)(i)-(ii). The Plaintiffs fail to recognize that the administrative appeal is the explicit remedy for an initial agency response that a requester finds to be "defective". There is no legal basis for excusing the Plaintiffs' from the requirement that they file an administrative appeal.[7]

### D. The failure to exhaust administrative remedies is a jurisdictional bar to judicial review.

Plaintiffs rely on *Hidalgo v F.B.I.*, and *National Security Counselors v. Department of Justice*, 848 F.3d 467 (D.C. Cir. 2017) to support the contention that failure to exhaust administrative remedies is not a jurisdictional bar to judicial review. In *Hidalgo*, however, the D.C. Circuit ordered the case dismissed because the FOIA requester, Hidalgo, did not appeal the Government's denial as required under the DOJ regulations. The D.C. Circuit concluded that

---

[7] The Plaintiffs tie their request for class certification with the requirement they exhaust administrative remedies before seeking judicial review. Plaintiffs seemingly argue that because their Complaint includes a request for class certification, they are excused from filing an administrative appeal. Plaintiffs do not, however, cite any law supporting this proposition. The decision on class certification should be mooted if the underlying FOA case is dismissed on jurisdictional grounds. There is no law supporting the idea that class certification relating to FOIA is possible where the Plaintiffs have not filed the required administrative appeal, and the underlying, substantive FOIA action is subject to dismissal.

Hidalgo failed to exhaust his administrative remedies and ordered the district court to dismiss the complaint for failure to exhaust. While the D.C. Circuit did recognize that failure to exhaust administrative remedies is not an absolute bar to jurisdiction, it found that as a jurisprudential doctrine, failure to exhaust precludes judicial review if "the purposes of exhaustion" and the "particular administrative scheme" support such a bar. *Hidalgo*, 344 F.3d at 1259. Both factors weigh against the Plaintiffs here. First, as recognized by the Circuit Court in *Hidalgo*, the FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review. The FOIA expressly requires that an agency receiving a request for information

> (i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination; and
> (ii) make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal.

5 U.S.C. § 552(a)(6)(A)(i), (ii). If the denial of the request is upheld on appeal, the agency must "notify requires exhaustion of this appeal process before an individual may seek relief in the courts.") (citing *Dettmann v. United States Dep't of Justice,* 802 F.2d 1472, 1477 (D.C.Cir.1986)); *Taylor v. Appleton,* 30 F.3d 1365, 1367-68 & n. 3 (11th Cir.1994) (concluding that exhaustion, although not jurisdictional, is "condition precedent" to filing suit). Second, permitting Hidalgo to pursue judicial the person making such request of the provisions for judicial review of that determination." *Id.* § 552(a)(6)(A)(ii). As we have previously concluded, this statutory scheme "requires each requestor to exhaust administrative remedies." *Sinito v. United States Dep't of Justice,* 176 F.3d 512, 516 (D.C.Cir.1999) (citing *Oglesby, supra*); *see Oglesby,* 920 F.2d at 61-62 ("Courts have consistently confirmed that the FOIA review without

6

benefit of prior OIP consideration would undercut "the purposes of exhaustion, namely, 'preventing premature interference with agency processes, ... afford[ing] the parties and the courts the benefit of [the agency's] experience and expertise, ... [or] compil[ing] a record which is adequate for judicial review.' " *Ryan v. Bentsen,* 12 F.3d 245, 247 (D.C.Cir.1993) (quoting *Weinberger v. Salfi,* 422 U.S. 749, 765, 95 S.Ct. 2457, 2467, 45 L.Ed.2d 522 (1975) (alteration original)).

Further, exhaustion of administrative remedies, as required by Defendant agency's regulations, is necessary to allow for the Defendant to correct mistakes made at the administrative level, and to full development of facts should judicial review be required.

Finally, Plaintiffs' reliance on *National Security Counselors v. Department of Justice*, 848 F.3d 467 (D.C. Cir. 2017) is misplaced, although *National Security Counselors* did cite to Hidalgo's recognition that failure to exhaust is not an absolute bar to jurisdiction, the narrow context of the decision in *National Security Counselors* does not extend to the instant case. In *National Security Counselors* the Circuit Court examined exhaustion in a case where two co-plaintiffs with matching claims filed an administrative appeal and a third plaintiff did not. The Circuit Court found that exhaustion was not warranted for the third party in that case.

### E. Plaintiffs have not constructively exhausted their administrative remedies and the agency has made a response in compliance with 552(a)(6)(A)(i).

In rejecting this very same argument about USCIS's final response letter, as made by Plaintiff Catholic Charities on behalf of its client in the *Bayala* case, the district court found that Plaintiff Bayala incorrectly construed § 552(a)(6)(A)(i) to require an agency to provide not only

the "reasons" for its determination, but also the "reasons for its reasons."[8] Bayala expressly noted that he was not requesting a *Vaughn* index, "correctly recognizing that such a detailed index is often not required to sustain an agency's position on judicial review (let alone in initial agency responses)." To the extent Plaintiff Bayala contends that FOIA requires of an initial agency response something more than "reasons" but less than a *Vaughn* index, the district court specifically stated that it "discerns no such principle in the statute or case law." Accordingly, the form of USCIS's final FOIA response letter constitutes a valid response under FOIA, and does not provide justification for the Plaintiffs' decision not to file an administrative appeal in the instant case.

### F. If the Plaintiffs filed an administrative appeal they would not have destroyed their standing to challenge the administrative process.

Plaintiffs argue that if they filed an administrative appeal, and then filed a lawsuit as required, they would have lost standing to challenge the Defendant's final response letter. Plaintiffs base their position on *Anguimate v. Department of Homeland Security*, 12-00791 (D.C. District 2013), and *Bayala v DHS*, 246 F.Supp.3d 16 (D.D.C. 2017). The Plaintffs, however, misread or mischaracterize the findings in those cases. There is no language in either case suggesting that a requester loses standing to seek judicial review of an agencies' procedural administrative actions if the requester exhausts administrative requirements. Instead, in these cases, the district court found that a de novo administrative review is, in and of itself, the remedy for any alleged deficiencies in an agency's initial administrative response to a FOIA request.

While it is understood that the Plaintiffs find USCIS's initial administrative response to

---

[8]The district court in *Bayala* stated that USCIS's conclusion that no portions of the withheld documents were reasonably segregable *is* the reason for its determination and that no further description was required.

FOIA requests deficient, despite the D.C. Circuit finding otherwise in its review of the *Bayala* case, the *Anguimate* and *Bayala* cases in no way relieve the Plaintiffs from following required administrative procedures. In fact, the district courts findings in *Anguimate* and *Bayala* support the notion that because the administrative review is conducted by USCIS's OCC on a de novo basis, an initial administrative response cannot establish any concrete injuries under FOIA for the court to review. Essentially, a requester cannot make any claim to injury under FOIA until they are finally denied the relief they seek in an administrative appeal.

In *Bayala*, USCIS filed a motion to dismiss based on plaintiff's failure to exhaust administrative remedies. In *Bayala*, USCIS took the opportunity to explain its basis for withholding, in full, under FOIA's deliberative process exemption in its motion to dismiss. Because USCIS had already explained its withholding in *Bayala*, the court found it unnecessary to address the issue of USCIS's administrative response, because, as recognized by the Circuit Court, USCIS's explanation for its withholding in its motion to dismiss was a *de facto* administrative response.

Here, the Plaintiffs attempt to leap frog the administrative appeal requirement, and deny the USCIS the ability to review its administrative decision, only highlights why the administrative appeal is required. Plaintiffs' have denied USCIS any chance to take corrective action, if warranted, and save both USCIS and Department of Justice the time and costs associated with litigation. Had the Plaintiffs filed an administrative appeal, as required (even if they asked for nothing more than a *de novo* review of withholdings) they could have saved all of the parties involved the burdens and costs associated with litigation. The Plaintiffs do not have standing to challenge the content of USCIS's initial administrative response letter before they file an administrative appeal. To find otherwise would allow requesters to rush into court for

judicial review, without ever filing an administrative appeal, by simply challenging an agency's initial response letter. This cannot be the result desired by the district court in *Bayala* and *Anguimate*.

### G. This court indeed has jurisdiction to review agency action

The Plaintiffs state that Congress intends judicial review of administrative action. In arguing that the court should review their case before administrative remedies are exhausted, the Plaintiffs improperly rely on *Citizens for Responsibility and Ethics in Washington v. F.E.R.C.*, 711 F.3d 180, 186 (D.C. Cir. 2013).

In *Citizens for Responsibility and Ethics in Washington* (*CREW*), Plaintiff filed a FOIA request on March 7, 2011. On March 8, 2013 the defendant agency, the Federal Election Commission (FEC), acknowledged receipt of the FOIA request. Subsequently, after conversations with the Plaintiff, FEC agreed to turn over non-exempt documents on a rolling basis. By May 23, 2011, FEC had not provided any documents, or any statement about what the defendant agency would produce or withhold. On May 23, 2011 CREW filed its complaint in district court. Subsequent to the filing of the complaint, in the third week of June 2011, FEC produced all non-exempt responsive documents, a letter listing the FOIA exemptions used, and notified CREW of its right to appeal. On June 23, 2011, FEC moved the district court to dismiss CREW's complaint as moot because the agency responded, and that CREW failed to exhaust administrative remedies. The Circuit court found that the defendant agency had not provided a final response within the twenty-day statutory time frame, or before the plaintiff filed its complaint in district court. The Circuit court in *CREW* found that an agency cannot simply provide a response to a request within twenty days in terms not susceptible to immediate administrative appeal – by simply stating that it will produce documents and claim exemptions over withheld documents in the future. *CREW* at 186. Simply, the Court in CREW stated that a "determination" under 5 U.S.C. § 552(a)(6)(A)(i) must be

more than an initial statement that the agency will generally comply with FOIA at some point in the future. *CREW* at 188. The *CREW* decision does not mandate what must be in an agencies' final response letter beyond noting the exemption employed in withholding information, and a description of appeal rights.

In the instant case, the Plaintiffs submitted their FOIA request on February 2, 2017. Defendant USCIS sent the Plaintiffs an acknowledgement letter which confirmed the receipt of the request, and that the request would be treated on a first-in first-out basis in accordance with Agency regulations. On July 12, 2017 USCIS issued its final response along with 849 pages of responsive records (8 pages withheld in full, 11 pages withheld in part). The letter stated that records were withheld pursuant to 5 U.S.C. § 552 (b)(5), (b)(7)(C) and (b)(7)(E) of the FOIA, and (d)(5), (j)(2), and (k)(2) of the Privacy Act (PA), and included a detailed description of each of these exemptions (See Eggleston Declaration para 10-14). USCIS's July 18, 2017, letter also included all details necessary to inform the Plaintiffs of their appeal rights. Due to a discrepancy in the page count discovered by a USCIS FOIA processor, on or about September 8, 2017, USCIS provided the Plaintiffs with a second final response letter. The second letter noted that nine (9) pages were withheld in full, rather than the eight (8) pages noted in the July 12, 2017, response. (See Eggleston Declaration para.14). The September 8, 2017, final response letter was substantially identical to the July 12, 2017, final response letter. Plaintiffs filed their Complaint on September 12, 2017, after receiving a final response from the Defendant and being informed of their administrative appeal rights.

The right to immediate judicial review that arises from a lack of a timely response lapses if an agency responds to a request at any time before the requester's FOIA suit is filed; in that situation, the requester must administratively appeal a denial, as required under 5 U.S.C. § 552(a)(6)(A)(ii), *see Oglesby v U.S. Army*, 920 F.2d 57, 63 (D.C. Cir. 1990) (We agree with this interpretation of the exhaustion provision, *i.e.,* that an administrative appeal is mandatory if

the agency cures its failure to respond within the statutory period by responding to the FOIA request before suit is filed). Unlike the plaintiff in *CREW*, Plaintiffs in the instant case received a proper final response from USCIS before filing their Complaint. Accordingly, the *CREW* decision, as cited by the Plaintiffs, supports the Defendant USCIS's position that the Plaintiffs' Complaint should be dismissed for failure to exhaust administrative remedies.

Next, the Plaintiffs cite to *Mead Data Central v. U.S. Dep't of Air Force,* 566 F.2d 242, 251 (D.C. Cir. 1977) to support their proposition that Defendant USCIS's final response letter is not sufficiently detailed to constitute a final agency response. The *Mead* case does not delve into the required substance of an agency's final administrative response, as Plaintiffs in the instant case represent, or support the Plaintiffs' position as to the substance of USCIS's final response letter. Instead, the *Mead* case discusses the defendant's description of withheld documents after litigation commenced, to the court, in light of the requirements of *Vaughn v Rosen*, 484 F.2d 820 (D.C. Circuit 1973).[9]

---

[9] Plaintiffs rely on the *Vaughn* case in several instances. The Plaintiffs' however, fail to recognize that the Vaughn case speaks to litigation issues, and the manner in which an agency describes materials exempt from disclosure under FOIA to the court. *Vaughn* does not speak the manner in which agencies respond to FOIA requesters during the administrative processing of the request. The Plaintiffs further rely on a case out of the Northern District of Texas, is *Shermco Industries v Secretary of the Air Force*, 452 F.Supp 306 (N.D. Tex. 1980). Again, Plaintiffs rely on a case in which the requester filed an administrative appeal. The *Shermco* district court found that "an administrative appeal must be filed before pursuing remedies in Federal court." *Shermco* at 316. The court found that the requester did exhaust administrative remedies because the defendant agency did not respond to the FOIA request or administrative appeal in a timely manner. Again the Plaintiffs in the instant case have not provided any legal basis for their failure to file an administrative appeal. In another case cited by the Plaintiffs, *Prison Legal News v. Samuels*, 787 F.3d 1142 (D.C. Cir. 2015), the D.C. Circuit addressed the sufficiency of an agency's *Vaughn* index, submitted by the agency during the course of litigation. *Prison Legal News* did not speak to the defendant agency's administrative response, or offer any exception to the administration exhaustion requirement. Instead, the case spoke to the manner in which the defendant agency categorized, or "lumped in" its explanations for withholdings in its *Vaughn* index. Other cases cited by the Plaintiffs, but not related to the administrative exhaustion requirement include: *In re: Harman International Industries, Inc., Securities Litigation*, 791 F.3d 90 (D.C. Cir. 2015), a securities case; *Southland v Inspire*, 365 F.3d 389 (5th Cir. 2004), securities fraud; *U.S. v Rutigliano*, 790 F.3d 389 (2d Cir. 2015), mail fraud and health care fraud; and *Trechler v. Commissioner*, 775 F.3d 1090 (9th Cir. 2014), an appeal of a Social Security disability appeal.

In rejecting this very same argument about USCIS's final response letter, as made by Plaintiff Catholic Charities on behalf of its client in the *Bayala* case, the district court found that Plaintiff Bayala incorrectly construed § 552(a)(6)(A)(i) to require an agency to provide not only the "reasons" for its determination, but also the "reasons for its reasons."[10] In Bayala, the plaintiff expressly noted that he was not requesting a *Vaughn* index, "correctly recognizing that such a detailed index is often not required to sustain an agency's position on judicial review (let alone in initial agency responses)." To the extent Plaintiff Bayala contends that FOIA requires of an initial agency response something more than "reasons" but less than a *Vaughn* index, the district court specifically stated that it "discerns no such principle in the statute or case law." Again, here, the Plaintiffs offers no legal basis excusing an administrative appeal.

### H. The DHS is not acting in bad faith.

Again, here, the Plaintiffs' claim is premature as no final agency action has occurred. The Plaintiffs are asking this court to make a finding of bad faith on an incomplete administrative record. Moreover, the courts in *Bayala v. DHS,* 2017 WL 3841828 (D.D.C. September 1, 2017); *Gosen v. US CIS,* 118 F. Supp. 3d 232, 243 (D, D.C. 2015); *Abtew v. DHS,* 47 F. Supp. 3d 98, 114 (D.D.C. 2014), and *Gatore v. U.S. Dep't of Homeland Security,* 177 F. Supp. 3d 48, 53 (D.D.C. 2016) did not find that, as a general rule, that assessments to refer were segregable in each and every case. The courts in the cases cited by Plaintiffs simply ruled on the assessments before them. Each assessment to refer is reviewed individually, and, in the instant case DHS does not yet know if the agency would release any portions of Plaintiff Khine's assessment. A review of applicable case law demonstrates that the issue of bad faith is decided by a court based upon review

---

[10]The district court in *Bayala* stated that USCIS's conclusion that no portions of the withheld documents were reasonably segregable *is* the reason for its determination and that no further description was required.

13

of an agency's declarations, affidavits, and *Vaughn* indexes. There is no support for a finding of bad

faith based upon an agency's initial response to a requester, prior to administrative review and the

completion of an administrative record. Bad faith is related to a declaration submitted to a court, not

an initial administrative response. In order to find the agency acted in bad faith in the instant case,

the court would have to make its finding before USCIS has had the opportunity to provide a final

administrative response – and without a fully developed set of facts.

> **I.   Plaintiffs Khine and Catholic Charities may not now seek a "re-write" of the DHS initial response letter.**

This issue has been addressed, and decided in the *Bayala* case, and, in the instant case,

the Plaintiff offers nothing to indicate that the issue was incorrectly resolved. As the *Bayala*

court stated,

> The [USCIS final response ]letter stated that DHS had decided to withhold certain responsive
> materials in part or in full, and to submit others to the Department of State and U.S.
> Immigration and Customs Enforcement ("ICE") for further consideration...The asylum
> officer's notes and Assessment to Refer were withheld in full, and the letter explained that
> such documents "contain no reasonably segregable portion(s) of non-exempt information."
> Moreover, the letter listed and described four statutory exemptions that it claimed were
> "applicable" to the withheld information. Lastly, the cover letter advised Bayala of his right
> to an administrative appeal.

The district court addressed Bayala's argument that the letter needs to be re-written because the

"purposes of exhaustion" would not be served in this case, *Hidalgo*, 344 F.3d at 1259, because

USCIS's initial response, if allowed to stand, would prevent Bayala from advancing "targeted and

cogent arguments" and thereby preclude a "meaningful" administrative appeal. In *Bayala*, the

district stated that it disagreed with Bayala because

> Bayala cites cases faulting agencies for inadequate reasons for withholding information, but
> in all of those cases, the FOIA requesters had exhausted administrative remedies, thereby
> affording the agency the opportunity "to exercise its discretion and expertise," "to make a
> factual record," and to "correct or rethink initial misjudgments or errors." *Oglesby*, 920 F.2d
> at 61, 64. Moreover, Bayala does not allege that DHS would "very likely" uphold its initial
> decision on appeal, such that requiring exhaustion would be "futil[e] and inefficien[t]."
> *Ayuda*, 2014 WL 4829574, at *7. At bottom, Bayala assumes that the "purposes of

exhaustion" would be served only if he could make "targeted" arguments in an administrative appeal. He fails to cite any authority for this proposition or to explain why an appeal from DHS's letter, as written, would necessarily preclude DHS from "exercis[ing] its discretion and expertise" or "mak[ing] a factual record to support its decision."

In the instant case, the Plaintiffs offer nothing to indicate that the *Bayala* court reached an incorrect conclusion. The Plaintiffs here draw imprecise and inaccurate analogies to the instant case. For example, in support of their contention that this court should revisit the issue of USCIS's final response letter before the administrative record is complete, and without affording USCIS to conduct an administrative review, the Plaintiffs draw analogies between the FOIA issue here, and Equal Employment Opportunity Commission litigation, Fourth Amendment searches by police, and Federal sentencing guidelines. What Plaintiffs do not offer in the instant case is any legal basis, or additional relevant facts for this court to revisit this issue.

### J.  Pattern and Practice Claim and Class Certification

The Plaintiffs argue that Defendant has ignored its class action claim, and pattern and practice claim in its Motion to Dismiss. As discussed, the pattern and practice claim is, at best, premature as the claim is based on conjecture. It can be argued that the class action claim is premature, as well.[11] This is a FOIA case. If the underlying substantive claim brought under the

---

[11] In briefly addressing the Plaintiffs' class certification request, "[A] class plaintiff has the burden of showing that the requirements of Rule 23(a) are met and that the class is maintainable pursuant to one of Rule 23(b)'s subdivisions." *Richards v. Delta Air Lines, Inc.*, 453 F.3d 525, 530 (D.C. Cir. 2006). In its entirety, Rule 23(a) provides that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a). In this case, in any continuing litigation on this issue, the Defendant could conceivably argue that the Plaintiffs have failed to establish that they have met the requirements of the numerosity prong.

While this Court has recently held that it has not found "any decision granting certification of a class of FOIA plaintiffs who alleged the improper withholding of information," it also explained that it "has not located any authority suggesting that such certification is categorically impermissible." *Feinman v. F.B.I.*, 269 F.R.D. 44, 49 - 52 (D.D. C. 2010). Accordingly, while the issue of whether class certification is ever appropriate for a FOIA case has not been resolved in this jurisdiction, the Court need not address that issue because Plaintiff has failed to meet the requirements of Rule 23(a). Under Rule 23(a), a plaintiff must first show that "the class is so numerous that joinder of all members is impracticable . . . ." Fed.R.Civ.P. 23(a). "The numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations." Gen. Tel. Co. of Northwest, Inc.

FOIA fails, for failure to state a claim upon which relief can be granted, because administrative remedies have not been exhausted then the issues of class certification and the Agency's pattern and practices would be premature, conjectural, and purely academic.

## Conclusion

The issue in this case, as raised by the Defendant in its Motion to Dismiss, is whether this court should allow these Plaintiffs to move forward with FOIA litigation, even though they knowingly and purposely failed to exhaust administrative remedies. The Defendant agency provided the Plaintiffs with two final responses including documents, detailing the FOIA exemptions applied to withheld materials, and included all of the information necessary to file an appeal. When FOIA requesters file an administrative appeal, USCIS Office of Chief Counsel provide a *de novo* review of the decisions of the FOIA office regardless of whether the requester files a legal memorandum with the agency. In this case, the Plaintiffs claimed an administrative appeal could not be filed because the Defendant's final action letter, which both the D.C. District and Circuit courts find sufficient, did not allow him to formulate an argument for the release of the assessment to refer. However, the Plaintiffs have been able to file a Complaint detailing issues that should have been raised in an

---

v. EEOC, 446 U.S. 318, 330. The numerosity requirement can be satisfied "[s]o long as there is a reasonable basis for the estimate provided," *Kifafi v. Hilton Hotels Retirement Plan*, 189 F.R.D. 174, 176 (D.D.C. 1999) (emphasis added), but "[m]ere conjecture, without more, is insufficient to establish numerosity...." *Pigford v. Glickman*, 182 F.R.D. 341, 347 (D.D.C. 1998).

      In the instant case, Plaintiffs simply cites to the total number of FOIA requests the Department of Homeland Security has received, in total for fiscal year 2012, and attempts to extrapolate a prospective number of class members. See Pl's Mt. at 13 – 14. Plaintiffs present such numbers without information regarding exactly how many of the FOIA requests were associated with asylum applications or whether each FOIA request was submitted by different FOIA requestors. See id. In this case, Plaintiffs describe the class as anybody that has filed a FOIA request, or will make a request during the pendency of this case, and where provided an initial response similar to the one on this case. The plaintiffs do not distinguish between first and third party FOIA requests, which would distinguish the issues as a third party request would implicate personal privacy interests. In *Feinman v. F.B.I.*, 269 F.R.D. 44, 49 - 52 (D.D. C. 2010) this court expressly held that attempts to certify a FOIA class based upon such assumptions that lack a reasonable basis fail as a matter of law. *Feinman*, 269 F.R.D. at 50 - 52 ("Plaintiff's class size estimate of 200 lacks a reasonable basis. Although he cites to agency data regarding the total number of FOIA requests made and the total number of requests that were denied under Exemption 6, it does not follow from these numbers that there are at least 200 potential class members.") id. at n.4

administrative appeal. Plaintiffs offer no legal support for their contention that USCIS's final appeal letter is legally insufficient under FOIA, or that the form or substance of USCIS's final response letter excuses the requirement of an administrative review.

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, the Department of Homeland Security (Defendant) respectfully move this court to dismiss the Complaint because Kay Khine and Catholic Charities (Plaintiffs) failed to properly exhaust administrative remedies.

Respectfully Submitted,

JESSIE K. LIU, D.C. BAR # 472845
United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

_____/s/_____

ALEXANDER SHOAIBI, D.C. Bar #423587
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2511
alexander.d.shoaibi@usdoj.gov

17