**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

KAY KHINE, et al.,

Plaintiffs

v.                                    Civil Action No.  17-cv-1924 [RC]

U.S. DEPARTMENT OF
HOMELAND SECURITY

Defendant

**PLAINTIFFS' SUR-REPLY TO DHS REPLY**

Defendant DHS filed a "Reply to Plaintiffs' Opposition to Defendants' Motion to

Dismiss" [ECF # 16] on January 9, 2018.  Plaintiffs now file this Sur-Reply.

THE INSTANT CASE IS DIFFERENT FROM THE BAYALA CASE

At page 10 of ECF #11, the DHS writes: "The USCIS final action letter in *Bayala* is

essentially identical to the final action letter at issue in the instant case."  To be sure, the letter in

*Bayala* has things in common with the July 12, 2017 letter concerning Plaintiff Khine [attached

to complaint, labeled as ECF #1-2].  However, the letter to Khine has differences: it has

references to "PA;."  and it was written in response to a February 2017 request. The FOIA was

amended, effective June 30, 2016. Requests made after that date, such as the request by Khine,

are subject to a law different from the law applying to Mr. Bayala, who made his request before

that date.

The instant case has nine causes of action; *Bayala* had two.

Furthermore, the instant case has an additional plaintiff: Catholic Charities. The Ninth

Cause of Action is based on injury suffered by Catholic Charities, in that it has its own "pending

FOIA requests; … the DHS has adopted…a policy…. [that injures it] (paragraphs 67-72 of the

Complaint).  In *John Doe v. Donald Trump,* 2017 WL 6551 491, *1 (W.D.Wash. 2017), Jewish Family Services (JFS) was granted standing as a plaintiff, as a "humanitarian organization whose fundamental mission is to help these vulnerable refugees resettle in the United States."  JFS suffered harm due to "frustration of its mission." *Id.* at *10 (quoting *Fair Housing of Marin v. Combs,* 285 F. #d 899, 905 (9th Cir. 2002). Furthermore, JFS had standing because it has "a close relationship to the individual Plaintiffs whose claims they raise and these individual Plaintiffs are unable to protect their interests on their own." *Id.* at 11.

The instant case, unlike *Bayala,* alleges that DHS has an illegal "policy or practice." [Paragraphs 74-78 of the Complaint).  The instant case has class action allegations (Paragraphs 79-88 of the Complaint), unlike *Bayala.*

The instant case is brought after four federal courts have ruled that parts of an asylum officer assessment can be segregated and should be released to requesters. The DHS is ignoring, without any explanation, what four courts have ruled. This shows bad faith. It is wrong for the agency to inform requesters that assessments contain "no reasonably segregable portion(s)."

At page 13 of ECF #16, the DHS writes that "...in the instant case DHS does not yet know if the agency would release any portions of Plaintiff Khine's assessment." Really? When will it know? If it does not yet know, it should not have informed Khine that "no" portion was segregable in its July 2017 letter to her.

THE FOIA WAS AMENDED, EFFECTIVE JUNE 30, 2016

P.L. 114-185, 130 Stat 538, effective June 30, 2016, amended 5 U.S.C. § 552(a) by adding a new subsection: (8).   This subsection has two parts relevant to the instant case:

5 U.S.C. § 552(a)(8)(A)(i)(I) now reads:

"An agency shall withhold information under this section only if the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b)…"

A court in the Northern District of California noted this amendment in *Ecological Rights v. FEMA,* 2017 WL 5972 702, *6 (N.D. Cal 2017):

"FEMA also does not provide any justification for how the agency would be harmed by disclosure as required by the FOIA Improvement Act of 2016. 5 U.S.C. § 552(a)(8)(A)(i). Absent a showing of foreseeable harm to an interest protected by the deliberative process exemption, the documents must be disclosed."

Another amendment, effective June 30, 2016 is in new subsection 5 U.S.C. § 552(a)(8)(A)(ii) which now provides that the agency

 "shall… consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and take reasonable steps necessary to segregate and release nonexempt information…"

Before this amendment, the agency already had the duty to provide "any reasonably segregable portion of a record" to a requester. 5 U.S.C. § 552(b) [the third to the last sentence].

The fact that Congress repeated the duty to segregate and disclose information in subsection (8)(A) shows that Congress is indeed keen on such disclosure. Agencies must therefore now work harder to segregate information out of such documents. Courts should demand more of the agencies, in accord with the amendments.

THE DHS ADMINISTRATIVE APPEAL PROCESS IS FUTILE

Plaintiffs Khine and Catholic Charities allege at paragraph 3 of the Complaint that an administrative appeal "is futile and illusory…an appeal is almost certainly likely to result in nothing of value."  The DHS responds by mentioning things outside of the record.

The DHS writes, in ECF #16, at note 2 of page 2, that "This Plaintiff, Catholic Charities, filed 57 administrative appeals since 2005, and was granted partial relief after review by USCIS OCC in 47 cases."  On the next page, at note 5, the DHS writes that in 47 of those appeals, there was a "supplemental release of documents." There is no evidence of record of what was requested, and what was released.

THERE IS NO ADMINISTRATIVE REMEDY THE PLAINTIFFS NEED TO EXHAUST

Plaintiffs earlier argued that "[t]he FOIA provides administrative remedies for some things, but not for others." ECF #12, at page 2.  For example, the FOIA does not provide administrative remedies for 1] the duty to publish certain information in the Federal Register [section 552(a)(1)]; nor for 2] the duty to publish some items in electronic format [section 552(a)(2)].

In contrast, if a requester makes a "request for records," and the agency makes a determination not to furnish them, the requester may make an administrative appeal. Section 552(a)(6)(A)(i).

In the instant case, Plaintiffs are not now complaining about the failure to furnish records; they are complaining about the confusing, boilerplate-laden initial response.

IF PLAINTIFFS HAD FILED AN ADMINISTRATIVE APPEAL, THEY WOULD HAVE
DESTROYED THEIR STANDING TO CHALLENGE THE ADMINISTRATIVE PROCESS.

Ms. Anguimate filed an administrative appeal, and then attempted to argue about the initial response of the agency. A Court ruled that she lacked standing to challenge the initial response.  *Anguimate v. DHS*, [ECF #21, Civ. Action No. 12-0791 (RBW) March 26, 2013.] [copy attached hereto as Attachment #1]

In *Anguimate,* the Court summarized plaintiff's arguments as follows: "The plaintiff explains that although she did receive a letter…the letter contained only a boilerplate rejection of the request, citing without explanation virtually every commonly-used FOIA exemption and providing no information useful to plaintiff." ECF #21, at page 2 of 5 (internal quotations and citation omitted).  The Court continued: "Because the defendant's subsequent arguments before this Court dealt only with one of these many exemptions, (Exemption 5), the plaintiff questions whether the agency's original explanation was made in good faith." *Id.*  However, explained that Court, Ms. Anguimate "must also show that she was harmed by the allegedly deficient response." *Id.* at 3.   Ms. Anguimate did not claim a "policy or practice" of the agency will harm her in the future. She has no standing.

In the instant case, Plaintiff Khine has not yet filed an administrative appeal. If the agency re-writes its initial response, Khine very well might file such an appeal. Plaintiff Khine seeks to make a targeted appeal in the future. Without a "re-write," she cannot do so in an effective way. She is being injured at present.

Plaintiff Catholic Charites has alleged that DHS has the policy or practice of issuing deficient initial responses, and that Catholic Charities will make FOIA requests in the future. It has brought a class action seeking to represent other FOIA requesters who are presented with inaccurate boilerplate.  Therefore, it has standing.

"We recognize the strong presumption in favor of judicial review of agency actions." *Wi-Fi One, LLC v. Broadcom Corporation,* 2018 WL 313065, *6 (Court of Appeals, Federal Circuit 2018).  There is a "strong presumption that Congress intends judicial review of administrative action." *Helgeson v. Bureau of Indian Affairs,* 153 F.3d 1000, 1003 (9th Cir. 1998) (cited in *John Doe v. Donald Trump,* 2017 WL 6551 491, *14. (W.D. Wash. 2017).  The DHS has not rebutted

that presumption. The Court should make a ruling on the initial response of the DHS, and deny its motion to dismiss.

## THE COURT SHOULD TAKE JUDICIAL NOTICE THAT ALMOST ALL ASYLUM APPLICANTS WHO MAKE FOIA REQUESTS WILL NOT BE ABLE TO FILE FEDERAL LAWSUITS

Asylum applicants are from other countries, fleeing from harm. They are new to the United States; they are not wealthy, many speak no English; most have very little knowledge of their FOIA rights, and almost none will be able to hire a lawyer to file suit. The DHS knows these things as well. It releases portions of assessments only after it gets sued. It figures that most requesters will never sue; so, it can treat them cavalierly.  Asylum applicants are a "vulnerable population" needing protection. *Saravia v. Sessions,* 2017 WL 5569 838, *20 (N.D. Cal. 2017) (class of detained noncitizen minors was certified; they are a "vulnerable population").

Four courts have ruled that portions of an assessment are segregable. Nonetheless, the DHS continues to send out robo letters, with inaccurate boilerplate, asserting that "no" portion is segregable. The Court should put a stop to this.

CONCLUSION

The DHS is violating the mandates of FOIA and is ignoring the rulings of four courts. Its motion to dismiss should be denied.

January 18, 2018.

Respectfully submitted,

Attorney for Plaintiffs

David L. Cleveland
DC Bar # 424209
Catholic Charities
924 G Street, NW  Washington, DC 20001
[202] 772-4345 Fax: [202] 386-7032
1949.david@gmail.com